# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 CV 6369 | **DATE** | December 6, 2012 |
| **CASE TITLE** | *United States v. Marcy Elman*, et al. | | |

**DOCKET ENTRY TEXT**

The United States of America's motion for summary judgment [47-1] is granted in part and denied in part as follows: the motion for judgment on Count I is granted and judgment on that count is entered in the amount of $310,502.25; the motion for judgment on Count II is denied without prejudice. By December 21, 2012, the United States shall file a supplemental brief addressing the interest and other statutory additions it contends have accrued under Count I since August 27, 2010. In its status report filed June 8, 2012, the government stipulated that the defendant TCF National Bank's mortgage on defendant Marcy Elman's property is superior to the government's tax lien on that property, *see* Docket #45, the position that TCF took in its affirmative defense, *see* Docket #16. The United States and TCF shall therefore file a joint status report identifying what additional proceedings are necessary regarding defendant TCF.

■ [ For further details see text below.]                                                    Docketing to mail notices.

00:00

## STATEMENT

The United States of America has filed suit against defendant Marcy Elman[1] to collect unpaid federal taxes and to enforce tax liens on her home. Before the court is the United States' motion for summary judgment. For the reasons given below, the motion is granted in part and denied without prejudice in part.

### BACKGROUND

The following facts are undisputed except where noted. On February 7, 2000, the Secretary of the Treasury made assessments against defendant Marcy Elman and her husband, Arnold, in the amount of $84,401 in unpaid taxes for the tax year 1996. In November 2000, the Secretary of the Treasury made assessments for unpaid taxes for two additional tax years: $11,489 for the tax year 1998, and $24,085 for the tax year 1999. On August 4, 2003, the Secretary of the Treasury began collection activities As of August 27, 2010, the Secretary of the Treasury computed that the balance due, together with penalties and interest on the unpaid taxes, had ballooned to $310,502.25. On October 23, 2005, Arnold Elman died. The United States now seeks to collect the money entirely from Ms. Elman.

Ms. Elman does not take issue with the computation of unpaid taxes. However, she asserts that she is not liable for the taxes under the innocent spouse provision of the Internal Revenue Code. *See* 26 U.S.C. § 6015. Ms. Elman filed a Request for Innocent Spouse Relief with the IRS on May 18, 2006, asserting that her liability for the unpaid taxes should be relieved or limited because (1) the understatement was due to an error on the part of her husband's of which she did not know, *see* § 6015(b), (2) her husband is deceased, *see*

## STATEMENT

§ 6015(c), and (3) it would be equitable to relieve her of liability, *see* § 6015(f). On September 5, 2006, the IRS denied relief under §§ 6015(b), (c), and (f) because under 26 C.F.R. § 1.6015–5(b)(1), Ms. Elman was required to file her request within two years of August 4, 2003, the date on which the first collection activity against her commenced. *See* Preliminary Determination (attached as Exhibit 2 to Defendant's Responses to Rule 56.1 Statements [54-1] at 1. The IRS no longer enforces the 2-year limitations period for requests for equitable relief under § 6015(f) and is in the process of eliminating the deadline from 26 C.F.R. § 1.6015–5(b)(1). *See* IRS Notice 2011-70. In addition to timeliness, the IRS denied Ms. Elman's request for relief under § 6015(f) for the additional reasons that Ms. Elman:

> did not show it would be unfair to hold you responsible for the amount due. You did not show that at the time the return was filed, you had reason to believe your former spouse would pay the tax. The documentation provided does not support a claim of economic hardship.

Preliminary Determination (attached as Exhibit 2 to Defendant's Responses to Rule 56.1 Statements [54-1]) at 1.

Ms. Elman filed an administrative appeal with the Commissioner of the IRS, but on April 26, 2007, the Commissioner denied the appeal, agreeing that the filing of her Request for Innocent Spouse Relief was untimely. *See* Notice of Determination (attached as Exhibit 1 to Defendant's Rule 56.1 Statements [53-1]) at 1. The Notice of Determination advised her that if "you disagree with our decision, you can file a petition (a request to review our denial) in the United States Tax Court . . . within 90 days from the date we mailed this letter." *Id.* at 2. Ms. Elman did not appeal to the Tax Court.

More than three years later, the government filed the instant suit, seeking to recover the unpaid taxes from years 1996, 1998, and 1999, which as of the filing of the suit, together with interest and penalties, totaled $310,502.25. In response to the complaint, Ms. Elman filed an answer in which she raised the innocent spouse provision of the IRS Code as an affirmative defense. The United States now seeks summary judgment, arguing, first, that the court lacks jurisdiction over her innocent spouse defense and, in any event, that Ms. Elman is liable for the full amount because she concedes that the calculation of unpaid taxes is accurate and she cannot avail herself of the innocent spouse provision. The government also asserts that because of the unpaid liability, it is entitled to enforce the tax lien on her home.

## ANALYSIS

### I. STANDARD OF REVIEW

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Valenti v. Qualex, Inc.*, 970 F.2d 363, 365 (7th Cir. 1992), citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Moreover, a court should grant a motion for summary judgment only when the record shows that a reasonable jury could not find for the nonmoving party. *See Valenti*, 970 F.2d at 365; *see also Anderson*, 477 U.S. at 248.

Thus, in order to withstand a motion for summary judgment, the nonmoving party must show that a dispute about a genuine issue of material fact exists. *See Anderson*, 477 U.S. at 248. The nonmoving party may not merely rest upon the allegations or details in his pleading, but instead, must set forth specific facts showing

there is a genuine issue for trial. *See Celotex*, 477 U.S. at 322; *Anderson*, 477 U.S. at 248.

## II.  TAX LIABILITY  (COUNT I)

The United States seeks to reduce to judgment the unpaid income taxes for 1996, 1998, and 1999 in the amount of $310,502.25, due shortly before suit was filed, plus an unspecified amount of additional interest and penalties that have continued to accrue since then.  In support, the United States argues that it is entitled to judgment because (1) there is no genuine dispute of material fact as Ms. Elman concedes that the taxes, penalties, and interest for those years have been accurately computed and remain unpaid, (2) Ms. Elman is not entitled to have her liability limited or relieved because she failed to appeal the IRS' denial of her request for innocent spouse relief to the Tax Court, which it contends has exclusive jurisdiction over the denial, and (3) even if this court had jurisdiction, Ms. Elman does not qualify for relief.

Under 26 U.S.C. § 6015, a taxpayer otherwise jointly and severally liable for a joint tax return may seek to (1) be relieved from liability on the basis that an understatement of taxes was attributable to an error by her spouse, of which she was unaware and had no reason to know, *see* § 6015(b); (2) be allocated on the basis that the spouses have since divorced, separated, or are no longer living together (for instance, due to death), *see* § 6015(c); or (3) be relieved based on equitable considerations*, see* § 6015(f).  In her response to the motion for summary judgment, Ms. Elman states that she is no longer asserting a right to innocent spouse relief under §§ (b) or (c).  Therefore, the court will focus solely on the parties' arguments regarding § (f), under which she seeks relief based on equitable considerations.

### A.  Jurisdiction

First, the United States contends that this court lacks jurisdiction to grant Ms. Elman's request for relief under the innocent spouse provision of the Tax Code.  Specifically, the United States argues that after the IRS denied her appeal, Ms. Elman's only option was to appeal the denial to the Tax Court, which it contends has exclusive jurisdiction over such claims.  Section 1605(e) of the IRS Code allows any person seeking relief under the innocent spouse provision to "petition the Tax Court (and the Tax Court shall have jurisdiction) to determine the appropriate relief available to the individual under this section if such petition is filed" within 90 days of the date on which the Secretary mailed its final decision.  26 U.S.C. § 1605(e).

Although the statute itself does not address whether the Tax Court's jurisdiction is exclusive, courts interpreting the statute have concluded that it is.  *See, e.g., United States v. Boynton*, No. 05-V-2243-WQH, 2007 WL 737725, at **3-4 (S.D. Cal. Feb. 1, 2007).  In *Boynton*, the taxpayer filed a Request for Innocent Spouse Relief with the IRS, but had not appealed to the Tax Court.  Instead, she asserted the innocent spouse provision as an affirmative defense to a suit filed by the United States to collect unpaid taxes.  *Id.* at *4.  The district court held that it lacked jurisdiction over the taxpayer's innocent spouse defense because any appeal of an adverse administrative decision must be made to the Tax Court, not the district court.  *Id.* ("the Secretary 'has' the first opportunity to hear Ms. Boynton's innocent spouse claims, as § 6015 envisions.  Then she will have the opportunity to seek judicial review of the Secretary's decision with the Tax Court, as set forth in § 6015.").  The court held that in the absence of exclusive jurisdiction in the Tax Court, taxpayers who receive unfavorable decisions from the Secretary could appeal to both the Tax Court and the district court.  *Id.* ("Barring abstention by one court or the other, it appears entirely possible that under Ms. Boynton's reading of § 6015, this Court and the Tax Court would be adjudicating precisely the same issues at the same time.").

Ms. Elman does not dispute that administrative denials of innocent spouse relief must ordinarily be appealed

**STATEMENT**

to the Tax Court, rather than litigated in the district court. *See* Response [53-1] at 4 ("There is no doubt that the United States Tax Court is the primary forum established by Congress to review IRS denials of innocent spouse relief requests, including claims brought pursuant to sec. 6015(f)."). Instead, she argues that she should be excused from failing to appeal to the Tax Court because "[u]nrepresented by counsel, now *twice* told by the IRS that the statute had expired, she was effectively prevented from seeking recourse in the Tax Court, relying on the erroneous determination of procedural law made by the IRS." *Id.* at 6. In support, she cites to *United States v. Pollock*, Case No. 06-80903-CIV, 2007 U.S. Dist. LEXIS 98153 (S. D. Fla. July 12, 2007), in which the court held that the 90-day deadline to appeal to the Tax Court was subject to waiver or equitable tolling. *Id.* at \*\*3-4. In *Pollock*, the court held that waiver or tolling were appropriate because the taxpayer had decided not to appeal in reliance on published decisions of the Tax Court holding that it lacked jurisdiction to review requests for innocent spouse relief under § 6015(f). *See, e.g., Billings v. Commissioner*, 127 T.C. 7, 17-18 (2006). The court then gave the taxpayer 30 days to file an appeal before the Tax court. *See Pollock*, 2007 U.S. Dist. LEXIS 98153, at \*4. The Tax Code was subsequently amended to make clear that the Tax Court does have jurisdiction over § 6015(f) appeals. *See* 26 U.S.C. § 6015(e)(1).

*Pollock* is inapposite because equitable tolling was warranted in that case by the taxpayer's confusion over whether she could appeal at all. Specifically, the taxpayer had relied on caselaw that the Tax Court lacked jurisdiction to hear her appeal. *See Pollock*, 2007 U.S. Dist. LEXIS 98153, at \*3. In contrast, Ms. Elman does not contend that she was misled into believing that she could not appeal to the Tax Court. To the contrary, the Notice of Determination she received from the IRS explicitly advised her that if "you disagree with our decision, you can file a petition (a request to review our denial) in the United States Tax Court . . . within 90 days from the date we mailed this letter." *See* Notice of Determination (attached as Exhibit 1 to Defendant's Rule 56.1 Statements [53-1]) at 2. Rather, the basis on which Ms. Elman seeks equitable tolling is the IRS' purportedly erroneous conclusion, initially and on appeal, that her § 6015(f) claim was barred by a 2-year statute of limitations. But that conclusion would have reasonably affected only Ms. Elman's assessment of her chances of success on appeal, not of whether the Tax Court had jurisdiction to hear an appeal. Accordingly, her argument for equitable estoppel finds no support in *Pollock*.

Ms. Elman also argues that it would be unfair to not consider her innocent spouse defense. Specifically, she contends that because the IRS erroneously denied her request as untimely, the merits of her equitable claim under § 6015(f) have never been addressed. *See* Response [53-1] at 6 ("that claim was denied *solely* based on the expiration of the two-year statute of limitations . . . No substantive evaluation of Elman's equitable relief claim under section 6015(f) has *ever* been made by the IRS."). However, according to the IRS' Preliminary Determination denying her innocent spouse relief, the IRS did address the merits of her claim, concluding that she had failed to "show it would be unfair to hold you responsible for the amount due," that she "had reason to believe [her] former spouse would pay the tax," and did not show "economic hardship." Preliminary Determination (attached as Exhibit 2 to Defendant's Responses to Rule 56.1 Statements [54-1]) at 1.

In summary, exclusive jurisdiction over Ms. Elman's innocent spouse defense under § 6015(f) lies with the Tax Court. As a result, this court lacks jurisdiction to entertain the affirmative defense. *See LeBeau*, 2012 WL 835160, at \* 3 (taxpayer who filed for innocent spouse relief with the IRS but did not appeal to the Tax Court cannot assert an innocent spouse claim or defense in a suit filed by the government because the district court lacks jurisdiction to consider it). Ms. Elman offers no other defense to Count I and, therefore, the government's motion for summary judgment is granted and judgment is entered as to Count I in the amount of $310,502.25. The United States also contends that it is entitled to interest and other statutory additions that have accrued since August 27, 2012, but have not identified how those amounts should be calculated. Accordingly, the United States shall file a supplemental brief addressing the calculation of interest and other statutory additions it seeks by December 21, 2012.

**STATEMENT**

### III. TAX LIEN (COUNT II)

Next, the government seeks summary judgment on Count II, in which it contends that it has a tax lien on Ms. Elman's home, and asks the court to order a judicial sale with the proceeds going towards satisfying her tax debt.

In the government's brief filed in support of its motion for summary judgment, it notes that because it anticipates that a sale of Ms. Elman's home would net "a small fraction of [her] tax liabilities," it has repeatedly invited her to "consider a compromise based on limited collectability" without success. Memorandum in Support of Motion for Summary Judgment [48-1] at 3 n.1. In light of the court's determination that the government is entitled to judgment on Count I, another attempt at settlement would be in order.

Thus, the court denies without prejudice the government's motion for summary judgment on Count II. The parties are strongly urged to resolve this matter. If no settlement is reached, the government may renew its motion for judgment on Count II.

**CONCLUSION**

For the reasons given, the United States' motion for summary judgment [47-1] is granted in part and denied without prejudice in part as follows: the motion for summary judgment on Count I is granted and judgment is entered in favor of the United States on that count; and the motion for summary judgment on Count II is denied without prejudice. The parties are directed to jointly contact the assigned magistrate judge to schedule a settlement conference. By December 21, 2012, the United States shall file a supplemental brief addressing the interest and other statutory additions it contends have accrued under Count I since August 27, 2010.

rs/cpb

1. The United States also named TCF National Bank as a defendant because it may claim an interest in Ms. Elman's home, which is subject to a tax lien. However, TCF's presence is irrelevant to any issue raised in the pending motion for summary judgment. For purposes of resolving the motion, its presence will be ignored.